IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LISA BLUE**, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2269-L** |
| | § | |
| **ALBERT G. HILL III**, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is The Hills' Objections to, or in the Alternative, Motion to Alter or Amend

the Magistrate Judge's Order Denying the Hills' Motion to Recuse the Honorable Renee H. Toliver

(Doc. 543), filed August 29, 2013. On May 2, 2013, Defendants Albert G. Hill, III ("Hill III") and

Erin Hill (collectively, "the Hills") filed the Hills' Motion to Recuse the Honorable Renee H.

Toliver (Doc. 524) after she entered Findings, Conclusions and Recommendation ("Report") on

March 1, 2013, recommending that the court deny The Hills' Motion for Post-Judgment Relief

Pursuant to Federal Rule of Civil Procedure 60(b). Magistrate Judge Toliver denied the Hills'

motion to recuse on August 16, 2013 (Doc. 540), and the Hills object to and appeal that order.

A magistrate judge's determination regarding a nondispositive matter is reviewed under the

"clearly erroneous or contrary to law" standard. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a)

("[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly

erroneous or is contrary to law."). This highly deferential standard requires the court to affirm the

decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and

firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*,

333 U.S. 364, 395 (1948).  As explained by the court in *Arters v. Univision Radio Broadcasting TX,*

*L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

> The clearly erroneous standard applies to the factual components of the magistrate
> judge's decision.   The district court may not disturb a factual finding of the
> magistrate judge unless, although there is evidence to support it, the reviewing court
> is left with the definite and firm conviction that a mistake has been committed. If a
> magistrate judge's account of the evidence is plausible in light of the record viewed
> in its entirety, a district judge may not reverse it.   The legal conclusions of the
> magistrate judge are reviewable *de novo,* and the district judge reverses if the
> magistrate judge erred in some respect in [his] legal conclusions.   [T]he abuse of
> discretion standard governs review of that vast area of choice that remains to the
> [magistrate judge] who has properly applied the law to fact findings that are not
> clearly erroneous.

*Id.* at *2 (citations and internal quotations marks omitted).

A motion for recusal is committed to the discretion of the targeted judge, and the denial of

such motion will only be reversed upon a showing of an abuse of discretion.  *United States v.*

*Bremers,* 195 F.3d  221, 226 (5th Cir. 1999) (citing *United States v. Anderson,* 160 F.3d 231, 233

(5th Cir. 1998)).   A judge abuses her discretion in denying recusal "where a reasonable man,

cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor

legitimate doubt about that judge's impartiality." *Andrade v. Chojnacki,* 338 F.3d 448, 454 (5th Cir.

2003) (citing *Bremers* 195 F.3d at 226).

The magistrate judge denied the Hills' motion as moot.  She explained as follows:

> On March 1, 2013, the undersigned recommended that the district court deny
> the Hills' Rule 60(b) motion.  That same day, less than two hours before the Court's
> recommendation was docketed, BAM filed the Moore declaration.  As may be
> gleaned from the absence of any mention of the declaration in the Court's
> recommendation, the undersigned was not aware that it had been filed until after the
> recommendation was docketed.  Accordingly, the Moore declaration played no role
> in the Court's decision to recommend denial of the Hills' Rule 60(b) motion.
> Moreover, since the Hills timely objected to the undersigned's recommendation to
> deny the Rule 60(b) motion, the District Judge will conduct a *de novo* review.  Thus,

> the circumstances which the Hills contend require the undersigned to recuse . . . no
> longer exist, and the Court's impartiality cannot reasonably be questioned.

Doc. 540 at 2 (citations omitted).  Magistrate Judge Toliver denied the motion to recuse because Ms.

Terri Moore's declaration played no role in her recommendation to deny the Hills' Rule 60(b)

motion and because the district judge would conduct a *de novo* review of her recommendation.

Although the court does not disagree with the magistrate judge's decision regarding the motion to

recuse, as part of its *de novo* review, the court sets forth an independent basis for concluding that

recusal of Magistrate Judge Toliver is not required as a matter of law under the circumstances of this

case.

In their recusal motion, the Hills contend that Magistrate Judge Toliver should recuse herself

from this action and the two related actions (Case Nos. 3:07-CV-2020-L and 3:12-CV-4599-L) and

vacate her March 1, 2013 Report because it appears that she has a close friendship with former

Dallas County First Assistant District Attorney Terri Moore ("Ms. Moore").  Doc. 524 at 3 ("The

Hills have recently learned that the Court appears to have a close friendship with Ms. Moore, and

that, apparently as a result of that relationship, the Court recused itself from participating in a

pending case in which Ms. Moore is counsel of record (*Dallas County, TX et al. v. MERSCORP,*

*Inc., et al.*, Case No. 3:11-cv-2733-O).").[1]  According to the Hills, Ms. Moore became a material

---

[1]   In her August 23, 2012 recusal letter, Magistrate Judge Toliver recused herself on the basis of a close
friendship with an attorney for the plaintiffs in the *MERSCORP* case but does not name the attorney with whom she has
a friendship:  "It has come to my attention that an attorney of record for the plaintiffs is a close friend.  Therefore, to
avoid the appearance of impropriety, I hereby recuse myself."  Recusal Letter, Case No. 3:11-CV-2733-O (Doc. 105).
It is undisputed that Ms. Moore was an attorney in *MERSCORP*.  The Hills contend that, although the August 23, 2012
letter does not identify any of the plaintiffs' seventeen attorneys and Magistrate Judge Toliver has never disclosed any
relationship with Ms. Moore, it is their understanding and belief, based on information obtained via their research
conducted by them and their current counsel that:

> (a) the Court and Ms. Moore previously worked closely together, and Ms. Moore was the Court's
> supervisor for several years in the Tarrant County District Attorney's Office; (b) Ms. Moore
> previously handled the prosecution of a defendant who was found guilty of murdering the Court's

witness in this case on March 1, 2013, when their former attorneys and legal team, consisting of Lisa Blue, Charla Aldous, Stephen Malouf and their affiliated law firms (collectively "BAM"), submitted Ms. Moore's declaration regarding events leading up to the Hills' indictments in support of their response in opposition to the Hills' Rule 60(b) Motion. The declaration was filed approximately two hours before Magistrate Judge Toliver issued her Report.

The court finds that the Hills have failed to establish that the magistrate judge abused her discretion or that her determination regarding recusal was clearly erroneous or contrary to law. Even assuming the facts alleged by the Hills are true, the court finds as a matter of law that the friendship alleged to exist between Magistrate Judge Toliver and Ms. Moore is not enough to establish a basis for recusal under 28 U.S.C. § 455. The Hills have not shown that this is a situation in which the magistrate judge's impartiality might reasonably questioned, as friendship alone is not sufficient to disqualify under 28 U.S.C. § 455(a), and the Hills have not alleged any facts to suggest that Magistrate Judge Toliver is disqualified under the enumerated circumstances set forth under 28 U.S.C. § 455(b).

The Hills submit that "Judge Toliver has a close and long-standing personal relationship with Ms. Moore, and that Ms. Moore is a material witness" in this proceeding. Doc. 543 at 8. They explain that an appearance of impropriety, requiring recusal under 28 U.S.C. § 455(a), is illustrated by Magistrate Judge Toliver's voluntary recusal in the *MERSCORP* matter, taints the magistrate judge's ability to preside over a case in which Ms. Moore is a "material witness on a potentially

---

uncle, Otis Flake; and (c) Ms. Moore has recently lobbied for the Court to be appointed as an Article III federal district court judge.

Doc. 524 at 5-6. The Hills therefore "believe that the attorney referenced in the Court's August 23 order is Ms. Moore, and that the Court has a 'close friend[ship]' with Ms. Moore." *Id.* at 6.

**Memorandum Opinion and Order – Page 4**

case-dispositive motion," *id.*, and justifies the court vacating the magistrate judge's Rule 60(b) recommendation. These allegations are facially insufficient to compel the disqualification of Magistrate Judge Toliver.

Section 455(a) states that a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Fifth Circuit, however, has explained that a judge's acquaintanceship or friendship with some defendants, witnesses, or defense counsel, standing alone, does not require recusal. *See Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 104 (5th Cir. 1975). In an analogous situation, the Fifth Circuit has found that friendship between a judge and a lawyer appearing before that judge does not compel recusal under Section 455(a). *See, e.g., Henderson v. Dep't of Pub. Safety*, 901 F.2d 1288, 1296 (5th Cir. 1990) ("Bias for or against an attorney, who is not a party, is not enough to require disqualification unless it can also be shown that such a controversy would demonstrate a bias for or against the party itself."). While the Hills speculate that Magistrate Judge Toliver may be biased against them by virtue of the friendship between her and Ms. Moore, they have set forth no facts or proof to establish such alleged bias. Moreover, the Hills have not pointed to any case law, from any jurisdiction, that stands for the proposition that a judge must recuse herself under Section 455(a) when she is friends with a witness – material or otherwise. *From what the court can ascertain, Magistrate Judge Toliver was not required by law to recuse herself in the MERSCORP litigation, as no showing has been made by the Hills that a reasonable person cognizant of all relevant circumstances would hold a legitimate doubt as to Magistrate Judge Toliver's impartiality.* That Magistrate Judge Toliver recused herself, apparently in an abundance of caution, in another case involving Ms. Moore is of no moment to the court's determination of whether she is *required* to do

so in this matter.  It is certainly insufficient to warrant reversal of the magistrate judge's order denying recusal in this case.[2]  The court therefore concludes that, viewing the facts in the light most favorable to the Hills, they have not met their burden as a matter of law to establish that Magistrate Judge Toliver should have recused herself pursuant to 28 U.S.C. § 455(a).

The Hills make repeated reference to Ms. Moore as a "material witness."  Recusal regarding a material witness is addressed under 28 U.S.C. § 455(b).  Under this section, a judge shall disqualify herself in circumstances:

> (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) [S]he knows that [s]he, individually or as a fiduciary, or h[er] spouse or minor child residing in h[er] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

---

[2] The Hills appear to urge that the magistrate judge might be particularly susceptible to a favorable credibility determination of Ms. Moore because State District Judge Lena Levario has "already found Ms. Moore's testimony not to be credible."  Doc. 543 at 8.  The statement is an inaccurate account of what Judge Levario said.  She stated:

> The Court finds that Ms. Moore's testimony at the March 7, 2013 hearing was largely immaterial, and also lacked sufficient credibility to support any of the State's central contentions.  In particular, Ms. Moore's close relationships with Ms. Blue and Mr. Watkins, and her ongoing financial relationship with Ms. Blue in connection with the contingent fee matter discussed above, cause the Court to give little weight to her testimony.

Doc. 536-1 at 23, ¶ 49 (citation omitted).  Moreover, the finding by Judge Levario is quite beside the point.  It does not in any way impact the court's determination of whether the magistrate judge's friendship with Moore makes this a "proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

(5) [S]he or [her] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
> (ii) Is acting as a lawyer in the proceeding;
>
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b). The Hills do not allege – and certainly do not establish – that the magistrate judge must recuse under *any* circumstance enumerated in this section. To the extent that the Hills contend that Ms. Moore is a "material witness," they do not urge, much less establish, that Magistrate Judge Toliver is herself a material witness in the matter in controversy, which is required for recusal under Section 455(b). None of these enumerated circumstances applies to Magistrate Judge Toliver. The Hills' hodgepodge of allegations conflates the standards of Sections 455(a) and 455(b); however, the allegations do not translate into a basis for her recusal in this or any other case that involves them and is pending before the court.

For the reasons herein stated, the court determines that the findings of the magistrate judge are not clearly erroneous and that her legal conclusions are not contrary to the law. Moreover, as part of its *de novo* review, the court has set forth an independent basis to show why recusal is not required. Accordingly, the court **overrules** The Hills' Objections to the Magistrate Judge's Order Denying the Hills' Motion to Recuse the Honorable Renee H. Toliver, and **denies** The Hills' Motion to Alter or Amend the Magistrate Judge's Order Denying the Hills' Motion to Recuse the Honorable Renee H. Toliver. Further, the court **concludes** that recusal is not required in Case No. 3:07-CV-

2020-L-BK; or Case No. 3:12-CV-4599-L-BK; and to the extent the Hills move to recuse Magistrate Judge Toliver, the court **denies** the motions.

The court **directs** the Clerk of Court to file a copy of this Memorandum Opinion and Order in Civil Action Nos. 3:07-CV-2020-L-BK and 3:12-CV-4599-L-BK.

**It is so ordered** this 15th day of April, 2014.


                                        Sam A. Lindsay
                                        United States District Judge

**Memorandum Opinion and Order – Page 8**