IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LISA BLUE**, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2269-L** |
| | § | |
| **ALBERT G. HILL III**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are The Hills' Motion for Post-Judgment Relief Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 470), filed on December 19, 2012; Albert G. Hill, III's and Erin Nance Hill's Motion to Stay Judgment Pending Resolution of their Motion for Post-Judgment Relief (Doc. 471), filed on December 19, 2012; Albert G. Hill, III's and Erin Nance Hill's Emergency Application to Expedite Determination of Motion to Stay Judgment Pending Resolution of the Hills' Motion for Post-Judgment Relief (Doc. 472), filed December 26, 2012; and BAM's Rule 65.1 Motion and Request for Expedited Consideration Thereof (Doc. 475), filed January 8, 2013.

The Rule 60(b) motion was referred to Magistrate Judge Renée Harris Toliver, who entered Findings, Conclusions and Recommendation ("Report") on March 1, 2013, recommending that the court deny the motion in its entirety. The Hills filed objections to the Report. The court has made a de novo review of the portions of the magistrate judge's findings and conclusion that were objected to by the Hills. After careful consideration of the motion, parties' briefing, the applicable law, record in this case, and findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct. Accordingly, the court

**Memorandum Opinion and Order – Page 1**

**accepts** the findings and conclusions as those of the court, **overrules** the Hills's objections, and **denies** their motion to alter or amend the findings and conclusions. The court further **denies as moot** the Motion to Stay and Motion to Expedite, **grants** BAM's Rule 65.1 Motion and **denies as moot** the Request for Expedited Consideration Thereof.

## I.      Procedural Background

This proceeding arises from an attorneys' fee dispute between plaintiffs Lisa Blue, Charla Aldous, Stephen Malouf, and their respective law firms (collectively, "BAM"), and their former clients, Albert G. Hill III and Erin Nance Hill ("the Hills"). Shortly before the agreed-upon trial date of April 18, 2011, felony indictments alleging mortgage fraud were returned against the Hills in a Texas state criminal court. The Hills sought a continuance of the trial date based on the "curiously-timed" indictments. At a pretrial conference, Magistrate Judge Toliver denied the Hills's motion. Two days later, United States District Judge Reed O'Connor held a hearing and affirmed Magistrate Judge Toliver's order denying the Hills's motion for continuance. Both Judge O'Connor and Magistrate Judge Toliver indicated that the Hills would have wide latitude for their trial presentation and that no negative inference would be drawn from any invocation of their Fifth Amendment privilege. *See* Doc. 239 at 54-55; Doc. 260 at 10-11; Doc. 444 at 7 & 14. After the trial concluded and while the case was under advisement by Magistrate Judge Toliver, the Hills filed an emergency motion seeking discovery into any conversations between BAM and the Dallas County District Attorney's Office about the investigation into, and indictment of, the Hills. Magistrate Judge Toliver permitted limited discovery on this matter. *See* Doc. 311. On June 15, 2011, she issued findings of fact and conclusions of law regarding the underlying fee dispute. *See* Doc. 319.

Five days after Magistrate Toliver issued her findings, the Hills filed their first Rule 60(b) motion, Doc. 323, and, two days later, a Motion for an Order to Show Cause Regarding Sanctions and Evidentiary Hearing ("The Sanctions Motion").  Doc. 326.  The Sanctions Motion contends that evidence obtained in discovery establishes that (1) BAM misrepresented the nature and extent of its contact with the Dallas County District Attorney's Office; (2) BAM unfairly withheld relevant documents; and (3) the felony indictments resulted in the Hills's inability to testify, which, in turn, was prejudicial to the outcome of the underlying attorneys' fee dispute.  *See id.*  Judge Toliver granted in part and denied in part the Rule 60(b) motion.  *See* Doc. 357.

After an evidentiary hearing and *in camera* review of text messages between Lisa Blue and Dallas County District Attorney Craig Watkins, Judge O'Connor found that the text messages were unrelated to the underlying case and denied the sanctions motion.  *See* Doc. 368 & 369.  He subsequently accepted in large part the findings of Magistrate Judge Toliver in the attorneys' fee dispute and entered final judgment in favor of BAM.  *See* Doc. 379 & 384.  The Hills's Rule 59(e) motion seeking reconsideration of the judgment was denied.  *See* Doc. 413.  The Hills's appeal to the Fifth Circuit Court of Appeals was dismissed because it was barred by a valid appeal waiver agreement.  *See Hill v. Schilling*, 495 F. App'x 480, 487-88 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 2859 (2013).  The case is therefore final on appeal.

On December 19, 2012, the Hills filed this Rule 60(b) motion, seeking vacatur of Judge O'Connor's December 31, 2011 Memorandum Opinion and Order and January 10, 2012 judgment in the attorneys' fee dispute or, in the alternative, requesting additional discovery into communications between BAM and the Dallas County District Attorney's Office.  They contend that the evidence of numerous communications between Lisa Blue and District Attorney Craig Watkins and donations from Blue and her associates to Watkins's campaign establishes that BAM

was actively involved in ensuring that the Hills were wrongfully indicted for mortgage fraud two weeks before the attorneys' fee trial was set to begin, and that the fraudulently obtained criminal charges interfered with their ability to defend themselves against BAM's claims in the attorneys' fee dispute.  The Hills further allege that BAM attempted to conceal the evidence of wrongdoing by withholding evidence and submitting numerous misrepresentations to the court.

## II.    Standard of Review

A magistrate judge's determination regarding a dispositive matter is reviewed de novo if a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard.  28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  As explained by the court in *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision.  The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.  If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it.  The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions.  [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id.* at *2 (citations and internal quotations marks omitted).  Because the Hills essentially seek to vacate the final judgment in this lawsuit, their Rule 60(b) motion is dispositive and will be reviewed de novo.

Rule 60(b) states that the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(l)-(6).  A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court."  *Steverson v. GlobalSantaFe Corp*., 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc*., 805 F.2d 599, 604 (5th Cir. 1986)).  A party seeking relief under Rule 60(b)(3) must establish by clear and convincing evidence that (1) the adverse party engaged in fraud or other misconduct; and (2) the misconduct prevented the moving party from fully and fairly presenting his or her case.  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2004).

"Clear and convincing evidence" means that weight of evidence that "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established . . . as to enable the fact finder to come to a clear [belief or] conviction, without hesitancy, of the truth of the precise facts[] of the case."  *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004) (internal quotation marks and citations omitted).  "Clear and convincing proof is a high standard, requiring more than a preponderance of the evidence."  *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001) (citation omitted).

### III.    The Hills's Objections

#### A.    The Hills's Contentions and the Magistrate Judge's Ruling

In the Report, the magistrate judge concluded that the Hills did not show by clear and convincing evidence that BAM committed fraud or other misconduct. *See* Doc. 503 at 5-11.  She found that the accusations of wrongdoing "amount to nothing more than supposition and speculation that BAM engaged in fraud related to this case[,]" and "the Hills' arguments about BAM's alleged misbehavior are merely a rehash of those that the Court has rejected before." *Id.* at 6 & 8.  Magistrate Judge Toliver determined that the supporting evidence submitted by the Hills fell "woefully short" of meeting the standard of Rule 60(b)(3) and that further discovery into the allegations of misconduct is not warranted. *Id.* at 10-11.

The Hills object to the Report or, alternatively, request that the court alter or amend Magistrate Judge Toliver's conclusion. *See* Doc. 517.  Essentially repeating the entirety of their underlying Rule 60(b)(3) motion, the Hills contend that they have established by clear and convincing evidence that "Ms. Blue used her considerable influence with D.A. Watkins to procure the indictments of the Hills . . . in order to give BAM an unfair advantage in the fee trial." *Id.* at 26.  Specifically, they argue that the evidence proves Lisa Blue was responsible for the meritless criminal charges because it shows that:  (1) Blue communicated frequently with Watkins by telephone and in person around the time of the indictments and important events in the fee dispute; (2) Blue donated $5,000 to Watkins prior to the indictments, hosted a fundraiser on his behalf just weeks before the indictments were returned, and donated an additional $1,000 four days after the indictments became public; (3) BAM withheld information, gave contradictory statements, and made material misstatements about communications between Blue and Watkins; (4) the largely unprecedented state criminal charges were not related to a complaint by the lender and were

curiously timed, precipitated by personal intervention by Watkins, and eventually dismissed against both defendants with contempt findings issued against Watkins and adverse credibility determinations against representatives of the District Attorney's Office.

###### B. Analysis

The magistrate judge was correct to conclude that Hills's Rule 60(b)(3) motion relies upon supposition and speculation in place of evidentiary support and fails to prove by clear and convincing evidence that the judgment in this proceeding was procured by fraud, misrepresentation, or misconduct. First, the Hills have failed to establish that BAM engaged in fraud or other misconduct. The extensive appendices and briefing submitted by the Hills do not, as they contend, "allow[] *only one reasonable inference* . . . that Ms. Blue improperly influenced the D.A.'s Office to indict her former clients in order to give BAM an unfair advantage in the fee trial." Doc. 517 at 26 (emphasis in original). These records instead document that Blue and Watkins have a close personal and professional relationship and, separately, that the Hills's indictments were unusual and eventually dismissed by the District Attorney's Office. There is not sufficient evidence to prove, or reasonably infer, that the interactions or relationship between Blue and Watkins *resulted in* the criminal charges against the Hills, that the indictment of the Hills was meant to reward Blue, or place the Hills at a disadvantage in the attorneys' fee dispute. The Hills speculate – but in no way establish – that the phone calls, meetings, and campaign donations from Blue to Watkins were related to the criminal charges against them, as opposed to legitimate purposes. The Hills's evidence of temporal proximity and fervent belief in the correctness of their argument are not enough to satisfy their Rule 60(b)(3) burden. The Hills do not submit evidence, direct or circumstantial, to establish that Blue or any of the BAM plaintiffs influenced the District Attorney's Office to indict them wrongfully, or that such alleged conduct was intended to give

BAM an unfair advantage in the attorneys' fee dispute.  They have therefore failed to prove by clear and convincing evidence that BAM engaged in fraud or other misconduct, or produce such evidence from which the court can reasonably infer that Blue, BAM, or Watkins engaged in fraud or other misconduct.

Even if one could argue that the Hills established the first prong of the test, they have clearly failed to establish that any purported wrongdoing prevented them from fully and fairly presenting their case.  It is not enough that the Hills are unsatisfied with Judge O'Connor's order and final judgment that rejected many of their arguments.  The Hills must prove by clear and convincing evidence that the alleged fraud or misconduct by BAM prevented them from fully and fairly presenting their case in the attorneys' fee dispute.  They have not done so.  The Hills have instead submitted to the court an argument – largely unsupported by citations to the trial transcript or orders of either Magistrate Judge Toliver or Judge O'Connor – that their failure to testify and their invocation of Fifth Amendment rights "put the Hills in a position where they could not fairly respond to BAM's fee claims[.]" Doc. 470 at 27.  This argument is without merit.

Judge O'Connor specifically mandated, and Magistrate Judge Toliver assured, that the Hills be provided a reasonable opportunity to litigate the case through an order (1) granting a short continuance; (2) stating that the court would not draw "a negative inference to the extent that the Hills are forced to invoke their Fifth Amendment privilege"; and (3) stating that "the Hills can present evidence in an alternative manner to the extent that they need to show relevant circumstances."  Doc. 239 at 54-55.  The record confirms that Judge Toliver conducted the trial in a manner so that the Hills were not placed at a disadvantage because of the criminal charges.

At no point in the Hills's Rule 60(b) motion or objections to the Report do they identify how they were prevented from fully and fairly presenting their case.  They contend in their Rule

60(b) motion, in conclusory fashion, that "the pending indictments made it impossible for the Hills to '***fully explain or present facts or their case or however you want to characterize it because they are constrained by the Fifth Amendment privilege***[,]'" Doc. 470 at 25 (emphasis in original), and that the conduct of BAM "put the Hills in the position of not being able to fairly defend against BAM's fee claims." *Id.* Only in their reply do the Hills further explain:

> Many of the key events at issue in the fee dispute consisted of oral conversations between the BAM attorneys and the Hills. *E.g.,* ECF No. 263 at 42 (Mr. Malouf testifying about a discussion he had with Hill III about how BAM's fee would be calculated); *id.* at 144-45 (Mr. Malouf testifying about conversations he had with Hill III about taking a smaller fee); ECF No. 262 at 148 (Ms. Aldous describing Erin's refusal to engage in or discuss settlement); ECF No. 261 at 9-10 (Mr. Evans recounting a conversation with Hill III about signing the second fee agreement). Since the Hills were not available to testify, much of the trial consisted of self-serving testimony offered by the BAM attorneys about those conversations, with no meaningful opportunity for the Hills to respond to or rebut that testimony, and no meaningful opportunity for the Hills to respond to BAM's efforts to characterize the Hills' prior statements. There can be no real dispute that the inability of the Hills' two primary fact witnesses (i.e., Hill III and Erin Hill) to testify at trial prevented the Hills from "fully and fairly presenting [their] case."

Doc. 482 at 8; *see also* Doc. 523 at 9-10 (alleging that the Hills were not able to present their version of events surrounding the contingency fee agreement and support their counterclaims for malpractice).

The record, however, establishes that the Hills were fully permitted to submit evidence of their claims. As Magistrate Judge Toliver explained in denying the Hills's motion to continue, there was extensive deposition testimony that could be submitted in lieu of live testimony. She stated:

> I understand that you're concerned about their testimony. However, there's been extensive discovery in this case, including their own depositions. And I would assume that whatever was relevant to the case that's scheduled for next week would have come up in those depositions already and would have been the subject matter of their depositions. Is that not the case? In other words, isn't the horse already out of the barn in this case?

* * *

> I'm not going to be put in [a difficult position], because I know that once your
> clients determine that they're going to invoke their Fifth Amendment privilege,
> then they've been deposed.  They can definitely do that.  So, I mean, I'm not going
> to be in [a] bad situation.  We're not having a jury trial.  It's me.

Doc. 444 at 7 & 14.

At trial, both of the Hills were permitted to testify by way of prior declarations and depositions.  *See* Doc. 260 at 13-82; Doc. 265 at 4-73; Doc. 266 at 105-166.  Albert G. Hill III testified through transcribed and videotaped deposition excerpts and a separate sworn declaration because he was determined to be unavailable under Federal Rule of Civil Procedure 804(b).  *See* Doc. 260 at 13-15, 19-20.  Erin Nance Hill was also found to be unavailable and was permitted to testify by way of a lengthy videotaped and transcribed deposition.  *See* Doc. 266 at 105-06 & 128.  The Hills fully cross-examined BAM's witnesses to challenge and undermine their testimony.  Moreover, Magistrate Judge Toliver found that "there is very little overlap between the BAM fee dispute and the Hills' criminal cases" and that there was no "substantial overlap between Hill III's counterclaims and his criminal indictment."  Doc. 281 at 2.  The Hills have not established, or presented evidence from which the court can reasonably infer, that they were precluded from fully and fairly presenting their case.  The judgment in this case is final and BAM is entitled to payment of the underlying award.

## IV.    Conclusion

For the reasons herein stated, the court **determines** that the Hills failed to establish by clear and convincing evidence that (1) BAM engaged in fraud or other misconduct, and (2) the alleged fraud or misconduct prevented them from fully and fairly presenting their case.  Accordingly, the court **determines** that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, **overrules** the Hills's objections, and **denies** The Hills' Motion for Post-

**Memorandum Opinion and Order – Page 10**

Judgment Relief Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 470), filed on December 19, 2012.

Because the Rule 60(b) motion has been denied, Albert G. Hill, III's and Erin Nance Hill's Motion to Stay Judgment Pending Resolution of their Motion for Post-Judgment Relief (Doc. 471), filed on December 19, 2012; and Albert G. Hill, III's and Erin Nance Hill's Emergency Application to Expedite Determination of Motion to Stay Judgment Pending Resolution of the Hills' Motion for Post-Judgment Relief (Doc. 472), filed December 26, 2012, are **denied as moot**. BAM's Rule 65.1 Motion is **granted**, and its Request for Expedited Consideration Thereof is **denied as moot**.

The court further **determines** that Zurich American Insurance Company and Fidelity and Deposit Company of Maryland (the "Sureties") are liable on the supersedeas bond for the judgment rendered in this case by Judge O'Connor on January 10, 2012.  The clerk of court is **directed** and **ordered** to mail, or otherwise provide, a copy of this Memorandum Opinion and Order to the Sureties through their counsel, Steven T. Ramos, Ackerman & Savage, LLC, 8226 Douglas Avenue, Suite 330, Dallas, Texas 75225.  The Sureties are **directed** and **ordered** to pay the amount due and owing under Judge O'Connor's January 10, 2012 judgment, and any accrued interest on that amount as provided for in the judgment, within **ten** days of receipt of a copy of this Memorandum Opinion and Order.

**It is so ordered** this 29th day of May, 2014.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 11**