IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LISA BLUE,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2269-L** |
| | § | |
| **ALBERT G. HILL III,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is the Motion for Leave of Court Filed by Albert G. Hill, III and Erin Nance

Hill For an Order Staying Execution of the Memorandum Opinion and Order Pending Resolution

of the Appeal of the Case (Doc. 569), filed on June 5, 2014.  Defendants Albert G. Hill, III and Erin

Nance Hill ("the Hills") seek leave to request a Federal Rule of Civil Procedure 62(d) order staying

execution, pending appeal, of the court's May 29, 2014 order directing Zurich American Insurance

Company and Fidelity and Deposit Company of Maryland ("the Sureties") to pay the amount due

and owing under the January 10, 2012 judgment and any accrued interest, within ten days of receipt

of a copy of the order.  That is, the Hills wish to stay the execution of the court's order denying their

Rule 60(b) motion and directing the payment of the underlying judgment for attorneys' fees due to

their former attorneys, Lisa Blue, Charla Aldous, Stephen Malouf, and their respective law firms

(collectively, "BAM").

After careful consideration of the Hills's motion, the response of BAM, and the applicable

law, the court **denies** the Motion for Leave of Court Filed by Albert G. Hill, III and Erin Nance Hill

For an Order Staying Execution of the Memorandum Opinion and Order Pending Resolution of the

Appeal of the Case.

The Hills contend that Rule 62(d) of the Federal Rules of Civil Procedure and Northern

District of Texas Local Rule 62.2 authorize a stay pending appeal on a money judgment as a matter

of right if the appellant posts a sufficient supersedeas bond. The Hills, however, misinterpret the

meaning of Rule 62(d). That rule does not contemplate allowing a supersedeas bond in every

instance that a litigant subject to a money judgment files a notice of appeal of an order by the district

court requiring payment of a money judgment. Under the rationale of the Hills, a party could delay

the satisfaction of a final and enforceable judgment indefinitely while filing repeated motions and

appeals. The Federal Rules of Civil Procedure do not call for this absurd result. Here, the

underlying money judgment is not on appeal in any manner. The court's final judgment was entered

by United States District Judge Reed O'Connor on January 10, 2012. The Hills obtained a

supersedeas bond when they filed a notice of appeal of that final judgment. The Hills's direct appeal

of the attorneys' fee issue to the Fifth Circuit Court of Appeals was unsuccessful because it was

barred by a valid appeal waiver agreement. *See Hill v. Schilling,* 495 F. App'x 480, 487-88 (5th Cir.

2012), *cert. denied,* 133 S.Ct. 2859 (2013). The case is therefore final on appeal. It is only this

court's denial of the Hills's Rule 60(b) motion that is on appeal.

The Fifth Circuit has explained clearly that a Rule 62(d) stay is not permitted in such a

circumstance. In *In re Zapata Gulf Marine Corp*., 941 F.2d 293 (5th Cir. 1991), the Fifth Circuit

addressed a nearly identical situation. There, a district court entered judgment against a defendant,

his appeal was dismissed, and certiorari was denied by the United States Supreme Court. *In re

Zapata*, 941 F.2d at 294. The defendant then sought relief under Federal Rule of Civil Procedure

60(b).  *Id.*  That motion was denied by the district court, and the defendant filed a notice of appeal

to challenge the denial of the Rule 60(b) motion.  The district court granted a Rule 62(d) stay of

judgment pending appeal.  The plaintiff filed a mandamus application requesting the Fifth Circuit

dissolve the Rule 62(d) stay so that it could enforce the final judgment.  *Id.*  The Fifth Circuit was

therefore directly asked "whether Rule 62(d) . . . authorizes the district court to stay execution of

[the initial] . . . judgment pending appeal of the . . . order denying [defendant]'s Rule 60(b)

motions."  *Id.*  The court found that it did not.  *Id.*  The Fifth Circuit explained:

> Rule 62(b) grants authority to the district court to stay a judgment while it considers and disposes of Rule 60 motions.  This Rule gives the court no authority to stay execution of the judgment on appeal after it has disposed of the Rule 60 motions.  The district court correctly identified Rule 62(d) as the source of its authority to stay judgments pending appeal . . . [H]owever, that Rule gives the district court authority to stay only the order or judgment being appealed.  The order [plaintiff] seeks to appeal is the July 26, 1991 denial of its Rule 60(b) motions, not the underlying March 22, 1990 judgment.

*Id.* at 295.  Because the Federal Rules of Civil Procedure did not authorize the district court to stay

the underlying judgment, the Fifth Circuit granted the writ of mandamus and vacated the Rule 62(d)

order staying execution of the judgment.  *Id.*

Here, too, the court is not permitted by Rule 62(d) to stay execution of the January 10, 2012

final judgment.  The Sureties were properly instructed to pay the amount due and owing under the

January 10, 2012 judgment.  The Hills have not established good cause to file a motion to stay

execution of the court's Memorandum Opinion and Order of May 29, 2014, and they are not entitled

to a stay pending appeal.

**As a final warning to the Hills and their counsel, the court informs them that this**

**motion is frivolous.  The *Zapata* opinion is straightforward and was issued in August 1991,**

**almost 23 years ago.  The *Zapata* case certainly should have put the Hills and their counsel on**

**notice that the motion they seek to file is totally without merit.  The court has been extremely patient; however, "school is out," and no further warnings will be issued.  The next frivolous motion filed by the Hills will result in an order to the Hills and their attorney to show cause why sanctions should not be imposed against them.**

For the reasons herein stated, the court **denies** the Motion for Leave of Court Filed by Albert G. Hill, III and Erin Nance Hill For an Order Staying Execution of the Memorandum Opinion and Order Pending Resolution of the Appeal of the Case (Doc. 569), filed on June 5, 2014.

**It is so ordered** this 17th day of June, 2014.

_____
Sam A. Lindsay
United States District Judge