IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CAMPBELL HARRISON & DAGLEY L.L.P. and CALLOWAY, NORRIS, BURDETTE AND WEBER, PLLC**, <br><br>  Plaintiffs, <br><br> v. <br><br> **ALBERT G. HILL, III AND ERIN HILL, individually and on behalf of her minor children, N. Hill, C. Hill, and A. Hill**, <br><br> Defendants. | § § § § § § § § § § § § § § § Civil Action No. **3:10-CV-2269-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Intervenor Plaintiff PBL Multi-Strategy Fund, L.P.'s Motion for Judgment on the Pleadings and Motion for Summary Judgment on its Claim in Intervention ("Motion") (Doc. 585), filed February 16, 2016; the Motion of Intervenor PBL Multi-Strategy Fund, L.P. for Leave to File Motion Requesting Reference to Magistrate Judge (Doc. 605), filed August 26, 2016; and Intervention Defendants' Motion for Leave to File Further Evidence Pursuant to Fed. R. Civ. P. 72(b)(3) (Doc. 607), filed September 9, 2016.

**I.    Factual and Procedural Background**

In March 2011, Intervenor Plaintiff PBL Multi-Strategy Fund, L.P. ("PBL") filed a claim in intervention against Intervenor Defendants Ahtrey Investments, L.L.C. ("Ahtrey") and Albert G. Hill, III ("Hill III") (collectively, "Defendants") to enforce payment of a December 26, 2007 Revolving Credit Note ("Note") that was executed by PBL, as lender, and Ahtrey, as borrower, and personally guaranteed by Hill III under the Guarantee and Collateral Agreement ("Guarantee"). The original

**Memorandum Opinion and Order – Page 1**

principal amount of the Note was $5 million. PBL advanced a total of $2.6 million under the Note to Hill III between December 27, 2007, and March 23, 2009, to fund litigation brought by Hill III, including *Hill, III v. Tom Hunt*, *et al.*, 3:07-CV-2020-L (the "2020 case"). The Note matured according to its terms on December 26, 2009.

In April 2011, Defendants filed a counterclaim for breach of contract against PBL, alleging that PBL breached the Note by abruptly cutting off funding under the Note in October 2008, even though approximately $2.5 million in funds remained available. Hill III maintained that he and Ahtrey were damaged as a result because, "with no funds to pay attorneys, Hill [III] was forced to retain contingency fee attorneys, including the Malouf Group [Blue, Aldous, and Malouf] and Campbell, Harrison & Dagley" to continue prosecuting and funding his litigation. Defs.' Counter-Compl. 5. Defendants assert that Hill III's litigation expenses would have been substantially less if PBL had not cutoff funding under the Note because he would have been able to continue funding the litigation with attorneys engaged on an hourly rather than a contingency fee basis. Defendants also asserted a number of affirmative defenses.

In January 2012, PBL and Defendants entered into a settlement agreement ("Agreement") and filed a joint motion requesting that the court authorize payment to PBL of $3.2 million from the funds in the registry for the 2020 case. The motion was stayed pending resolution of the appeal that Hill III took from the 2010 final judgment in the 2020 case. In January 2016, after issuance of the mandate for that appeal and years of postjudgment litigation, the court entered an order disbursing the registry funds in the 2020 case to two of Hill III's creditors. Because all of the funds in the registry were earmarked for those creditors, there were no funds left in the registry to distribute to

PBL under the Agreement. The parties' Agreement expired by its own terms when no court registry funds were disbursed to PBL and the court's disbursement order became final.

On February 16, 2016, PBL moved for summary judgment on: (1) its claim to recover from Ahtrey and Hill III the amount of the debt made the basis of PBL's claim, plus attorney's fees and interest as allowed under the Note and Guarantee, and (ii) Defendants' breach of contract counterclaim. PBL also moved for judgment on the pleadings with respect to Defendants' affirmative defenses. In support of its summary motion, PBL presented evidence to establish that, as of February 15, 2016, the total amount due and owing on the Note is $8,172,973.25, which consists of $2,600,000 in principal; $760,013.25 in pre-maturity interest; and $4,812,960 in post-maturity interest. According to PBL's evidence, interest continues to accrue at the rate of $2,146.73 per day under the Note. No payments have been made on the Note except for $46,861.93 paid on October 30, 2008, which was credited to accrued interest on that date resulting in net prematurity interest in the amount of $760,013.25. PBL presented evidence establishing that, as the guarantor of Ahtrey's debt on the Note, Hill is jointly and severally liable to PBL in the amount of $8,172,973.25, plus interest at $2,146.73 per day for each day after February 15, 2016. PBL also seeks $91,000 for attorney's fees incurred in this action through the filing of its Motion, plus an award of attorney's fees in the amount of almost $1.2 million for anticipated future fees.

On August 19, 2016, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 603), recommending that the court grant in part and deny in part PBL's Motion (Doc. 585). The magistrate judge recommended that the summary judgment be granted with respect to PBL's claims to recover on the Note and Guarantee and Defendants' counterclaim for breach of contract but denied

without prejudice with respect to PBL's request for attorney's fees because its evidence is insufficient to establish the reasonableness of the fees incurred. The magistrate judge also concluded that PBL's request for anticipated future attorney's fees is speculative. The magistrate judge recommended that the court deny PBL's motion for judgment on the pleadings, which seeks judgment on Defendants' affirmative defenses. The magistrate judge, nevertheless, noted that, "if the district judge accepts the finding herein that summary judgment in PBL's favor is warranted, the affirmative defenses advanced by Defendants are of no moment." Report 11.

On the same date, the magistrate judge entered an order ("Order") (Doc. 602) on miscellaneous nondispositive motions that relate to PBL's dispositive Motion. In the Order, the magistrate judge granted in part Defendants' Objections to and Motion to Strike Declaration of Troy D. Phillips ("Phillips") (Doc. 587); denied Defendants' Motion for Continuance Pursuant to FED. R. CIV. P. 56(d) (Doc. 588); denied the Motion of PBL to Strike Defendants' Untimely Pleadings (Doc. 592); granted the Motion of PBL for Leave to File Supplemental Appendix (Doc. 593); and granted Defendants' Motion for Leave to File Response (Doc. 596).

On August 26, 2016, PBL sought leave to file a motion to refer to the magistrate judge an amended motion for attorney's fees, in light of the magistrate judge's denial without prejudice of its request for attorney's fees that was made in conjunction with its Motion. On September 2, 2016, Defendants filed two objections to the Report. Defendants also filed two objections to the Order regarding their Motion to Strike the Declaration of Troy D. Phillips, which was submitted by PBL in support of its Motion. In addition, Defendants filed a motion for leave to file additional evidence for the court's consideration in ruling on their objections. Defendants seek to submit a supplemental declaration of Hill III to explain the discrepancies and "shed more light on the statements in the Hill

Declaration that the Magistrate Judge . . . characterized as false" and made in bad faith. Defs.' Mot. for Leave 3.

Having reviewed PBL's Motion, the parties' briefs, evidence, file, record in this case, Report, and Defendants' objections to the Report, and having conducting a de novo review of the portions of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge in the Report are correct, and **accepts** them as those of the court *as herein modified*. Further, the court determines that the portions of the magistrate judge's Order (Doc. 602), to which objection was made by Defendants, are not clearly erroneous or contrary to law. Accordingly, the court **overrules** Defendants' objections to the Report and Order.

## II.     Standard of Review

A magistrate judge's determination regarding a dispositive matter is reviewed de novo if a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard.  28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. Unites States Gypsum Co.*, 333 U.S. 364, 395 (1948).  As explained by the court in *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a

> magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id.* at *2 (citations and internal quotations marks omitted).

### III.   Analysis

#### A.   Objections to Order on the Parties' Nondispositive Motions (Doc. 602)

In their first objection to the Order, Defendants object to the magistrate judge's denial of their "Motion to Strike as to paragraphs 1-4 of the Phillips['] Declaration, in which Phillips, PBL's counsel in this lawsuit, testifies as to the essential elements of PBL's claims on the Note and Guarantee. (Order, pp. 2-4)." Defs.' Obj. 8-11. Defendants contend that Phillips' declaration and his status as PBL's counsel and the liquidator of PBL's general partner are insufficient to establish that he has personal knowledge and is competent to testify regarding the matters in his declaration that pertain to the Note and Guarantee.

In their second objection, Defendants contend that the magistrate judge erred in granting "PBL's Motion for Leave, including her finding that PBL's argument is "sound and legally justified," and her adopting PBL's argument as the reasoning of the Court, insofar as the Magistrate Judge's granting of PBL's Motion for Leave is based on a finding that the Hill Declaration was false and/or [made] in bad faith. (Order, pp. 7-9)." *Id.* at 11-16. Defendants contend that the magistrate judge's finding that Hill III's declaration contains materially false statements and was made in bad faith is clearly erroneous.

After considering the Order (Doc. 602), the objections to the Order, the motions and evidence related to the objections, and based on its familiarity with litigants and the record in this case, the court determines that the portions of the magistrate judge's Order, to which objection was made by Defendants, are not clearly erroneous or contrary to law. Accordingly, the court **overrules** Defendants' objections to the Order.

### B.     Objections to Report on PBL's Dispositive Motion (Doc. 603)

Defendants contend that, on pages three through four of the Report, the magistrate judge "erroneously concluded that PBL did not abandon its claims against . . . Defendants in this action." Defs.' Obj. 16-21. In addition, Defendants contend that, on pages eight through ten of the Report, the magistrate judge "erroneously recommended that PBL be granted summary judgment on Defendants' Counterclaim based on her conclusion that Hill III's declaration in support of damages was submitted in bad faith as the summary judgment record does not require that conclusion, and the Magistrate Judge was required to view the evidence in the light most favorable to Hill." *Id.* at 22-23 (citation and internal quotation marks omitted).

Having reviewed PBL's Motion, the parties' briefs, evidence, the file, record in this case, Report, and Defendants' objections to the Report, and having conducting a de novo review of the portions of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge in the Report are correct, and **accepts** them as those of the court *as herein modified* by the court.

Moreover, even assuming that Hill III's declaration was not made in bad faith, Defendants' evidence regarding its breach of contract counterclaim is insufficient to raise a genuine dispute of

material fact as to whether Defendants suffered damages as a result of PBL's alleged breach.[*] As noted by PBL and the magistrate judge in her Report, Ahtrey was not a party to the 2020 case and did not incur any obligations for Hill III's attorney's fees to Hill III's counsel Blue, Aldous, and Malouf ("BAM") or Campbell, Harrison & Dagley LLP ("CHD"). The magistrate judge, therefore, correctly concluded that Ahtrey suffered no damages as a result of Hill III hiring CHD and BAM to replace Bickel & Brewer ("B&B") as his counsel, making summary judgment as to Ahtrey's breach of contract counterclaim appropriate.

Summary judgment as to Hill III's breach of contract counterclaim is similarly appropriate because Hill III's only evidence of damages sustained as a result of PBL's alleged breach is the following statement in his declaration:

> I believe that if I had continued to fund the litigation with attorneys engaged on an hourly basis instead of a contingency fee basis, then the cost of litigation would have been substantially less. Further, I would not have been in the ensuing costly litigation against BAM and CHD.

Defs.' Sum. J. App. 28. Hill III's belief in this regard, however, is not supported by any competent summary judgment evidence and based entirely on speculation that: (1) he would have been able to find substitute counsel willing to represent him on an hourly basis rather than a contingency fee basis; (2) the cost of the 2020 litigation and related arbitration would have been substantially less if he had been able to find substitute counsel willing to work on an hourly rather than a contingency fee basis, even though the 2020 litigation continued for several years in large part due to Hill III's

---

[*] The parties appear to acknowledge that New York law governs the Note and Guarantee, and both the Note and Guarantee state that they are governed by New York law. "The essential elements of a claim for breach of contract under New York law are: (1) the existence of a contract; (2) due performance by plaintiff; (3) breach of the contract by defendant; and (4) damage as a result of the breach." *Campo v. 1st Nationwide Bank*, 857 F. Supp. 264, 270 (E.D.N.Y. 1994).

frequent hiring and firing of attorneys, including CHD and BAM, which resulted in him having to pay both law firms on a contingency fee basis from the same recovery, and his litigious conduct in unreasonably and vexatiously multiplying proceedings by filing patently frivolous motions after a final judgment was entered in the 2020 case in 2010; and (3) he would not have been involved in litigation with BAM and CHD, or other counsel regarding the attorney's fees charged, if he had retained counsel on an hourly rather than a contingency fee basis.

Mere conclusory allegations such as those in Hill III's declaration are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Likewise, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Accordingly, even if the court considers Hill III's declaration and the statements that the magistrate found to be materially false and made in bad faith, it is insufficient to raise a genuine dispute of material fact as to the element of damages for Hill III's contract claim against PBL. Accordingly, PBL is entitled to judgment as a matter of law on Hill III's breach of contract counterclaim.

**IV.    Defendants' Motion for Leave (Doc. 607)**

As previously noted, Defendants seek leave to file additional evidence for the court's consideration in ruling on their objections. Specifically, Defendants seek to submit a supplemental declaration of Hill III to explain certain discrepancies in Hill III's original declaration and "shed more light on the statements in the Hill Declaration that the Magistrate Judge . . . characterized as false" and made in bad faith. Defs.' Mot. for Leave 3. For the reasons already explained, PBL is entitled to judgment on Defendants' breach of contract counterclaim even if the court considers the

statements in Hill III's declaration that the magistrate judge found to be materially false and made in bad faith. Hill III's supplemental declaration and evidence do not change the basis for the court's determination in this regard. Further, the court cannot consider Exhibit A to Hill III's supplemental declaration because it constitutes inadmissible hearsay evidence, as it is an out of court statement offered for the truth of the matter asserted in the document, for which no exception applies. *See* Fed. R. Evid. 801(c). According to Hill III's supplemental declaration, Exhibit A is an exhibit that was prepared and used by CHD in the arbitration against him. Hill III asserts that this exhibit, which appears to be demonstrative in nature, "reflects the amounts of attorney's fees that [CHD] sought to recover from [him]." Supp. Decl. of Hill III ¶ 10. Because this evidence is inadmissible hearsay, it is not competent summary judgment evidence and cannot be considered by the court in ruling on PBL's Motion. Accordingly, for all of these reasons, the court will deny Defendants' Motion for Leave (Doc. 607).

**V.     PBL's Motion for Leave (Doc. 605)**

In light of the magistrate judge's recommendation that the court deny without prejudice their motion for attorney's fees and the court's local civil rule that allows the filing of only one summary judgment motion, PBL seeks leave to file an amended motion for attorney's fees to address the deficiency noted by the magistrate judge regarding the reasonableness of attorney's fees incurred and requested. The court generally considers the issue of attorney's fees postjudgment pursuant to Federal Rule of Civil Procedure 54(d) and, therefore, will deny PBL's Motion for Leave (Doc. 605). PBL may submit postjudgment, pursuant to Rule 54(d)(2), a motion for reasonable attorney's fees and costs with a detailed description and supporting documentation of the fees and costs incurred. Any motion filed by PBL must address the deficiencies noted by the magistrate judge.

## VI.   Defendants' Affirmative Defenses

Although Defendants did not object to the magistrate judge's recommendation that, "if the district judge accepts the finding herein that summary judgment in PBL's favor is warranted, the affirmative defenses advanced by Defendants are of no moment," Report 11, the court modifies this portion of the Report to provide clarification regarding the disposition of Defendants' affirmative defenses.

Defendants pleaded the following laundry list of affirmative defenses in response to PBL's claims to recover under the Note and Guarantee: lack of informed consent, PBL's breach of the Note and related agreements, mistake, unclean hands, equitable estoppel, offset, the contract is unenforceable as against public policy and the interest rate is usurious, lack of mutual assent, lack of consideration, failure of consideration, failure to mitigate damages, prevention of performance by PBL, and waiver.  PBL moved for judgment on the pleadings as to these defenses and for summary judgment on its claims to recover under the Note and Guarantee and Defendants' breach of contract counterclaim.  The magistrate judge recommended that the court deny PBL's motion for judgment on the pleadings as to Defendants' affirmative defenses, which the court concludes is correct, and no objections to this recommendation by the magistrate judge were asserted; nor were any objections asserted to the magistrate judge's recommendation that, "if the district judge accepts the finding herein that summary judgment in PBL's favor is warranted, the affirmative defenses advanced by Defendants are of no moment."  Report 11.  The magistrate judge's finding that Defendants' affirmative defenses fail as a result of the court's disposition of PBL summary judgment on PBL's claim and Defendants' counterclaim is correct, however, the court's reasoning in reaching this conclusion varies slightly from that of the magistrate judge.

**Memorandum Opinion and Order – Page 11**

"The Fifth Circuit has held repeatedly that if a party fails to pursue a claim or defense beyond the initial pleading, the issue is deemed abandoned" or waived. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that plaintiff abandoned a retaliation claim when she failed to defend the claim in response to motion to dismiss); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (reasoning that a limitations defense that was pleaded but not subsequently raised in opposition to a motion for summary judgment was waived).

Here, PBL moved for summary judgment on its claim to recover under the Note and Guarantee and Defendants' counterclaim for breach of contract, and it met its summary judgment burden with respect to both. In response to PBL's Motion for Judgment on the Pleadings, Defendants merely assert, with respect to their affirmative defenses of prior material breach and unclean hands, that, "the Declaration of Albert G. Hill, III establishes that the Defendants have plenty of facts to flesh out these defenses should this case proceed." Defs.' Resp. to PBL's Mot. 13. Defendants further assert, without explanation that, "although PBL has not moved for summary judgment of the affirmative defenses . . . the Hill Declaration evidences that there are genuine issues of material fact in support of these affirmative defenses." *Id.* at 13-14.

From this conclusory response, it appears that Defendants mistakenly assume that, because PBL moved for summary judgment on its claim and Defendants' counterclaim but not Defendants' affirmative defenses, they were not required to come forward with evidence to support their affirmative defenses in response to PBL's summary judgment motion. This assumption is incorrect. *See Vela*, 276 at 678-79. Moreover, Defendants fail to point to specific facts in Hill III's declaration or explain why the statements in his declaration are sufficient to raise a genuine dispute of material fact as to any of their affirmative defenses. After reviewing Hill III's declaration, the court

**Memorandum Opinion and Order – Page 12**

determines that it is not sufficient to raise a genuine dispute of material fact as to any of their affirmative defenses. Accordingly, the court determines that PBL is entitled to judgment on Defendants' affirmative defenses because Defendants waived the defenses or, alternatively, because Defendants failed to raise a genuine dispute of material fact as to them in response to PBL's summary judgment motion.

**VII.  Conclusion**

For the reasons stated, the court **concludes**, after conducting a de novo review of the portions of the Report (Doc. 603) to which objection was made, that the findings and conclusions of the magistrate judge in the Report are correct, and **accepts** them as those of the court *as herein modified*. Further, the court **concludes** that the portions of the magistrate judge's Order (Doc. 602), to which objection was made, are not clearly erroneous or contrary to law. Accordingly, the court **overrules** Defendants' objections to the Report and Order; **grants** PBL's Motion for Summary Judgment, except for its request for attorney's fees, which is **denied without prejudice** (Doc. 585); **denies** PBL's Motion for Judgment on the Pleadings (Doc. 585); and **dismisses with prejudice** Defendants' breach of contract counterclaim and affirmative defenses. Further, the court **denies** PBL's Motion for Leave to File Motion Requesting Reference to Magistrate Judge (Doc. 605); and **denies** Defendants' Motion for Leave to File Further Evidence Pursuant to Fed. R. Civ. P. 72(b)(3) (Doc. 607).

Based on the evidence submitted by PBL, the court hereby orders that judgment be entered in favor of PBL against Defendants jointly and severally in the amount of **$8,658,134.23**, which consists of the amount of unpaid principal and accrued interest owed under the Note and Guarantee. No prejudgment interest was requested, and none will be awarded. Postjudgment interest on the total

amount awarded to PBL shall accrue at the applicable federal rate of **.60%** from the date of entry of the judgment until paid in full. The court will enter a judgment in favor of PBL by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 30th day of September, 2016.

                                                  Sam A. Lindsay
                                                  United States District Judge