IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LISA BLUE/BARON & BLUE, CHARLA G. ALDOUS d/b/a ALDOUS LAW FIRM, and THE LAW OFFICES OF STEPHEN F. MALOUF, P.C.,** | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | **Civil Action No. 3:10-CV-2269-L** |
| **ALBERT G. HILL, III, et al.,** | § § § | |
| Defendants. | § | |
| **ALBERT G. HILL, III,** | § § | |
| Plaintiff, | § § | |
| v. | § § § | **Civil Action No. 3:07-CV-2020-L** |
| **WILLIAM SCHILLING, et al.,** | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the Hill Jr. Defendants' Motion to Enjoin Vexatious Litigant Albert G. Hill, III from Vexatious Litigation (Doc. 1965), filed July 31, 2019, in Civil Action No. 3:07-CV-2020-L (the "2020 Action"); Plaintiff The Law Offices of Stephen F. Malouf, P.C. ("LOSM") and Counter-Defendant Stephen F. Malouf's ("Malouf") Motion to Enjoin State Court Litigation to Effectuate Judgment (Doc. 652), filed September 20, 2019, in Civil Action No. 3:10-CV-2269-L (the "2269 Action"); Plaintiff Charla G. Aldous's ("Aldous") Motion to Enjoin State Court Litigation to Effectuate Judgment and Joinder of Malouf's Motion (Doc. 655), filed September 20, 2019, in the 2269 Action; and Plaintiff Lisa Blue's ("Blue") Motion to Enjoin State Court

**Memorandum Opinion and Order – Page 1**

Litigation to Effectuate Judgment and Joinder in Malouf's Motion (Doc. 658), filed September 20, 2019, in the 2269 Action.

Movants seek affirmative injunctive relief from this court requiring Albert G. Hill, III ("Hill III") to dismiss two lawsuits he filed on June 5, 2019, in Harris County, Texas, and requiring him to seek leave of this court before attempting to file any claims against them relating to issues adjudicated in the 2020 Action or the 2269 Action. One lawsuit is against Margaret Keliher ("Keliher"), Heather Hill Washburne ("Washburne"), Elisa Hill Summers ("Summers"), Tyree Miller ("Miller"), David Pickett, Chester Donnally, Thomas Tatham, Ray Washburne, and Joy Waller (collectively, the "Hill Jr. Defendants"), as well as against former Dallas County prosecutors Craig Watkins, Terri Moore, and Russell Wilson. Cause No. 2019-38645, *Albert G. Hill, III v. Craig Watkins, et al.*, 127th District Court, Harris County, Texas ("Cause No. 2019-38645"). The other lawsuit is against Hill III's former attorneys Blue, Aldous, and Malouf (collectively, "BAM"), Cause No. 2019-38870, *Albert G. Hill, III v. Lisa Blue, et al.*, in the 295th District Court, Harris County, Texas ("Cause No. 2019-38870").

In Cause No. 2019-38645 and Cause No. 2019-38870 (sometimes collectively, the "State Court Actions"), Hill III asserts Texas common law tort claims for malicious prosecution, conspiracy, and aiding and abetting, and seeks to recover actual and exemplary damages for his alleged malicious prosecution claim in connection with the April 4, 2011 criminal indictments against him and his wife, Erin Nance Hill, for felony mortgage fraud. The indictments against Hill III were dismissed in 2018 by the state trial court. *State v. Hill*, 558 S.W.3d 280, 287 (Tex. App.—

**Memorandum Opinion and Order – Page 2**

Dallas 2018, no pet.).[1] Having considered the motions, responses, replies, appendixes, record, and applicable law, and for the reasons that follow, the court **denies** the motions.

I.    **Factual Background and Procedural History**

   A.    The 2020 Action

The court has addressed this contentious and unrelenting family dispute in a multitude of prior opinions beginning in 2007, and continuing through the present. For example, on June 1, 2018, and July 3, 2018, the court addressed this dispute at length in memoranda opinions and orders denying motions to enforce the Settlement Agreement and Final Judgment and requests for injunctive relief filed by Washburne and Summers, who are the daughters of Albert G. Hill, Jr. ("Hill Jr.") and the sisters of Hill III, the great-grandson of Haroldson Lafayette ("H.L.") Hunt, the late Texas oil baron who died in 1974. *See Hill v. Schilling*, No. 3:07-CV-2020-L, 2018 WL 2461877 (N.D. Tex. June 1, 2018) (Lindsay, J.) ("*Hill I*") (denying application for temporary restraining order); *Hill v. Schilling*, No. 3:07-CV-2020-L, 2018 WL 3239795 (N.D. Tex. July 3, 2018) (Lindsay, J.) ("*Hill II*") (denying application for preliminary and permanent injunction and

---

[1] Although the State of Texas dismissed the charges against Hill III's wife, Erin Nance Hill, shortly after she was indicted, it continued to prosecute the indictments against Hill III. In March 2013, all charges against Hill III were dismissed with prejudice following an evidentiary hearing. The State of Texas appealed the trial court's order of dismissal. On December 29, 2014, the Dallas Court of Appeals reversed on the grounds that the trial court should not have held an evidentiary hearing, and it remanded the case with instructions to reinstate the indictments. *State v. Hill*, 2014 WL 7497992 (Tex. App.—Dallas, Dec. 29, 2014). Hill III appealed and, on September 21, 2016, the Texas Court of Criminal Appeals reversed the decision of the Dallas Court of Appeals and remanded for a determination as to whether dismissal of the indictments with prejudice was proper. *State v. Hill*, 499 S.W.3d 853, 871 (Tex. Crim. App. 2016). On August 15, 2018, the Dallas Court of Appeals held that the indictments were properly dismissed with prejudice based upon the taint of prosecutorial misconduct and the undue influence exercised over Watkins by Blue, Albert G. Hill, Jr., and those working in concert with them. The State did not appeal and, accordingly, the judgment of the Dallas Court of Appeals became final with the issuance of its mandate on October 26, 2018.

denying motion to enforce final judgment and settlement agreement). On December 7, 2018, the court once again addressed this dispute in a 32-page opinion in which it granted Washburne, Summers, and Keliher's request and permanently enjoined Hill III from challenging his father's will in Probate Court No. Two of Dallas County, Texas. *See Hill v. Schilling*, No. 3:07-CV-2020-L, 2018 WL 6436397 (N.D. Tex. Dec. 7, 2018) (Lindsay, J.) ("*Hill III*"), *aff'd in part, dismissed in part sub nom. Hill v. Washburne*, __ F.3d __, 2020 WL 548677 (Feb. 4, 2020).[2] The court incorporates its opinions in *Hill I*, *Hill II*, and *Hill III* by reference as if repeated herein verbatim and curtails its recitation of the background facts to those necessary to rule on the pending motions.

1. *The Settlement Agreement and Final Judgment*

In December 2007, Hill III brought a lawsuit in Texas state court in his individual capacity and on behalf of the Margaret Hunt Trust Estate ("MHTE") and the Haroldson L. Hunt, Jr. Trust Estate ("HHTE") against specific beneficiaries of the MHTE and HHTE, including his father (Hill Jr.), Hill Jr.'s siblings, and the trustees and members of the advisory boards of the MHTE and HHTE. Among other things, Hill III alleged wrongdoing in the management and administration of the MHTE and HHTE by their respective trustees and sought a declaration that he was a direct and vested beneficiary of the MHTE as a consequence of his father's disclaimer of various interests he held in the MHTE.[3] Following removal to federal court on December 3, 2007, the case was randomly assigned to United States District Judge Reed C. O'Connor.

---

[2] The appellate court remanded the matter to the undersigned for the limited purpose of considering whether Washburne, Summers, and Keliher are entitled to "additional costs and fees." *Hill v. Washburne*, __ F.3d __, 2020 WL 548677, at *10 (Feb. 4, 2020) (quoting *Instone Travel Tech Marine & Offshore v. International Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003) (remanding "to allow the district court to make the initial determination and award of appellate attorney's fees")).

[3] Much of the dispute centered on Hill III's claimed interest in the MHTE following the 2007 death of his paternal grandmother, Margaret Hunt Hill. In 2005, Hill Jr. signed an irrevocable disclaimer of a portion

**Memorandum Opinion and Order – Page 4**

Ultimately, Hill III agreed to a settlement of the dispute. On May 13, 2010, the parties entered into the Global Settlement and Mutual Release Agreement (the "Settlement Agreement") (Doc. 879) that settled this action and related state court actions. The Settlement Agreement affirmed Hill Jr.'s 2005 disclaimer (*see supra* note 3) and provided for the partition of the MHTE and HHTE, pro rata, into separate sub-trusts for all beneficiaries. The parties agreed that this court would have continuing jurisdiction over any claim or controversy arising out of the Settlement Agreement:

> (c) <u>Federal Court's Continuing Jurisdiction</u>: Any controversy or claim arising after the date of execution of this Agreement arising out of this Agreement and the Documentation shall be resolved by the Federal Court, the Honorable Reed O'Connor, who shall retain continuing jurisdiction over this Agreement.

Settlement Agreement § III(5)(c).

On November 8, 2010, Judge O'Connor issued a final judgment (the "Final Judgment") implementing and memorializing the parties' Settlement Agreement. *See* Final J. ¶ 1 (Doc. 999). Among other things, the Final Judgment affirmed Hill Jr.'s 2005 disclaimer of a portion of his interest in the MHTE (*see supra* note 3) (*id.* ¶ 5); and divided the MHTE and HHTE into separate sub-trusts in accordance with the parties' agreement (*id.* ¶¶ 6-8), and through which Hill III obtained the MHTE - Albert G. Hill III Trust *(see* Doc. 999 at 20) and the MHTE - Albert Hill, Jr. Income Beneficiary/Al III Termination Beneficiary Trust (*id.* at 13), among other valuable consideration.

---

of his interest in the MHTE in favor of his three children, including Hill III. *See* Ex. C to Global Settlement and Mutual Release Agreement (2005 Disclaimer) (Doc. 879). The effect of the disclaimer is that Hill Jr.'s disclaimed interest passed to Hill III and his two siblings after Margaret Hunt Hill's death. *See* March 4, 2010 Mem. Op. & Order 7-8 (Doc. 611). In 2007, Hill Jr. sought to rescind his 2005 disclaimer, along with another partial disclaimer he had executed in 2007. This litigation ensued.

**Memorandum Opinion and Order – Page 5**

Consistent with the Settlement Agreement, Judge O'Connor retained continuing jurisdiction over the implementation and enforcement of the Final Judgment:

> IT IS ORDERED that, without affecting the finality of this Final Judgment, the Court hereby retains continuing jurisdiction over the implementation of the [Settlement] Agreement, the Final Judgment, and the Parties for purposes of implementing and enforcing the [Settlement] Agreement and this Final Judgment. IT IS FURTHER ORDERED that any controversy or claim arising after the date of execution of the [Settlement] Agreement and arising out of the [Settlement] Agreement or the Documentation shall be resolved by this Court. Each of the Agreeing Parties agrees and covenants not to, and IT IS ORDERED that none of the Agreeing Parties shall file or assert any of the released Claims (in law or in equity).

*Id.* ¶ 45. Hill III appealed the Final Judgment challenging, among other things, the addition of provisions that were not part of the Settlement Agreement. The Fifth Circuit affirmed the Final Judgment. *See Hill v. Schilling*, 495 F. App'x 480 (5th Cir. 2012) (consolidated appeal).[4]

      2.    *Hill Jr.'s Death, His Last Will and Testament ("Will"), and the Court's Decision to Permanently Enjoin Hill III from Contesting the Will*

On December 20, 2014, Hill Jr. executed his Will, in which he exercised various powers of appointment resulting in the exclusion of Hill III from his Will. Hill Jr. died on December 2, 2017. On December 7, 2017, Miller, appointed as Independent Executor of Hill Jr.'s Estate by his Will, filed an Application for Probate of Will and Issuance of Letters Testamentary in the Probate Proceeding, seeking to: (1) probate Hill Jr.'s Will; (2) be appointed as the Independent Executor of Hill Jr.'s Estate; and (3) have letters testamentary issued in accordance with the Will.

---

[4] On October 2, 2013, this matter was reassigned to the undersigned following the recusal of Judges O'Connor, Lynn, Solis, Godbey, Boyle, Fitzwater, and Kinkeade. Accordingly, since this time, the undersigned has exercised continuing jurisdiction over the implementation of the Settlement Agreement, Final Judgment, and the parties for purposes of implementing and enforcing the Settlement Agreement and the Final Judgment. *See* Final J. ¶ 45.

On December 22, 2017, Hill III filed an Original Answer in the Probate Proceeding admitting the allegations regarding the date of Hill Jr.'s death, his age, the listing of his children, his domicile at death, and that the Probate Court has jurisdiction and venue over Hill Jr.'s probate matter, but otherwise denying all other allegations made by Miller in the Application for Probate of Will and Issuance of Letters Testamentary. On January 5, 2018, in light of Hill III's Original Answer, Keliher filed an Emergency Application for Appointment of Temporary Administrator with the Probate Court, advising it of these proceedings, and the need for someone to represent the Estate of Hill Jr. On January 10, 2018, the Probate Court granted Keliher's application and appointed her as Temporary Administrator of the Estate of Hill Jr. On May 15, 2018, this court granted Keliher's Motion for Leave to Substitute in this action in the place of Hill Jr. As previously described, following extensive litigation, and pursuant to its continuing jurisdiction under the Settlement Agreement and Final Judgment, on December 7, 2018, the court granted Washburne, Summers, and Keliher's request for injunctive relief and permanently enjoined Hill III from challenging the Will. *Hill III, supra.*

B. **The 2269 Action**

BAM represented Hill III during part of the 2020 Action. In July 2010, a fee dispute arose between BAM and Hill III. BAM moved successfully to withdraw as Hill III's counsel. In December 2010, BAM filed a complaint against Hill III, seeking $50 million in attorney's fees. Judge O'Connor severed the matter from the 2020 Action, resulting in the 2269 Action. Ultimately, following a trial conducted by the magistrate judge, on December 31, 2011, Judge O'Connor entered judgment against Hill III and in favor of BAM in the amount of $21.9 million.

II. Analysis

As previously explained, the Hill Jr. Defendants in the 2020 Action and BAM in the 2269 Action seek affirmative injunctive relief from this court requiring Hill III to dismiss the State Court Actions, and requiring him to seek leave of this court before attempting to file any claims against them relating to issues adjudicated in the 2020 Action or the 2269 Action. In support, they contend that the State Court Actions allege similar claims to those Hill III previously asserted in this court in the 2020 Action, the 2269 Action, and in Civil Action No. 3:17-CV-494-L, *Hill v. Watkins, et al.* (the "494 Action").

> According to the Hill Jr. Defendants:
>
> Both of these two new Houston cases are based on the same facts. And, the facts, issues, and allegations that Hill III complains of in his two new Houston cases are substantially the same as those he complained of in the 494 Action and in this case (the 2020 Action); they are related in time, space, origin, and motivation. The essence of Hill III's claims is that his family and others allegedly convinced then-Dallas County District Attorney Craig Watkins to wrongfully indict him and his wife on "fabricated" or "bogus" charges of mortgage fraud to seek leverage in this lawsuit.
>
> Hill III's recently-filed Houston lawsuits are more examples of Hill III's unrelenting efforts to relitigate the same facts and issues over and over again despite having settled them in the parties' [Settlement Agreement], which this Court incorporated into its 2010 Final Judgment.

Hill Jr. Defs.' Mot. 2 (Doc. 1965). The Hill Jr. Defendants ask the court to exercise its power under the All Writs Act (28 U.S.C. § 1651(a)), as it previously did when it enjoined Hill III from contesting his father's Will, *see supra.* Specifically, they seek to enjoin Hill III from pursuing Cause No. 2019-38645, and from filing any state or federal court lawsuit against any of the Hill Jr. Defendants, the parties to the 2020 Action, the parties to the 494 Action, or arising out of or relating to the 2020 Action, the 494 Action, or Cause No. 2019-38645, without first obtaining leave of this court. In support, the Hill Jr. Defendants argue:

**Memorandum Opinion and Order – Page 8**

> First, this Court has already found that Hill III has a long history of filing vexatious and harassing litigation. Second, the Houston Lawsuit is yet another frivolous lawsuit designed to harass the Hill Jr. Defendants, as evidenced by Hill III's blatant failure to file his claim for malicious prosecution in Dallas County as required by Texas law, where such prosecution allegedly began, but instead in Harris County. Third, Hill III's vexatious litigation has repeatedly wasted the Court's resources and millions of dollars in attorneys' fees, as recently noted by the Court in a contempt order entered against Hill III. Fourth, enjoining Hill III is warranted because other sanctions, including monetary sanctions and specific court orders, have previously failed to restrain Hill III's conduct. It is readily apparent that Hill III has no regard for the judicial process or the Court's orders.
>
> Further, Hill III previously released the claims he is attempting to assert in the Houston Lawsuit in the Settlement Agreement and in the Final Judgment.

Hill Jr. Defs.' Mot. 3 (Doc. 1965). Alternatively, the Hill Jr. Defendants ask the court, pursuant to Federal Rule of Civil Procedure 41(d), in the event it does not enjoin Hill III, to order him to pay all of the costs the Hill Jr. Defendants incurred in the 494 Action,[5] and to stay Cause No. 2019-38645 until he has complied with this order.

BAM makes similar arguments, invoking the court's power under the All Writs Act as well as the exceptions to the Anti-Injunction Act, proscribing a federal court's intervention in state court proceedings, except where "expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2238.[6] BAM argues that, in this

---

[5] In the 494 Action, the court directed any Defendant who intended to seek attorney's fees and costs to file "the appropriate motion with supporting authority and materials by **November 13, 2017**." Ct.'s Mem. Op. & Order 3 (Doc. 149). Only Defendant Branch Banking and Trust Company ("Branch Banking") filed a motion requesting attorney's fees (Doc. 150). On July 25, 2018, Branch Banking filed its Notice of Withdrawal of Motion for Attorney's Fees (Doc. 153), and Branch Banking has, therefore, abandoned any request for attorney's fees. As no other Defendant filed a motion for attorney's fees, they have waived any entitlement or claim to such fees. For these reasons the court **declines** to award the Hill Jr. Defendants or the BAM Defendants any attorney's fees and costs.

[6] The Anti-Injunction Act provides, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect and effectuate its judgments." 28 U.S.C. § 2283. The All Writs Act authorizes the courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As recognized by the Fifth Circuit,

**Memorandum Opinion and Order – Page 9**

case, intervention in Cause No. 2019-38870 is required in aid of the court's jurisdiction and to protect the Final Judgment. *See* Malouf Mot. 20-26 (Doc. 653) (as joined by Aldous and Blue) (Docs. 655 and 658).

Unlike the situation the court confronted when Hill III attempted to contest his father's Will, which was a *direct and clear* violation of the express terms of the Settlement Agreement and Final Judgment—and which caused the court to exercise its discretion under the continuing jurisdiction clause of the Settlement Agreement and Final Judgment—here, movants have not persuaded the court that it is necessary to intervene in the State Court Actions to protect the Final Judgment or to aid the court's jurisdiction. The State Court Actions involve state law claims for malicious prosecution, conspiracy, and aiding and abetting, as well as the affirmative defenses of release, waiver, res judicata, and collateral estoppel, asserted by the Hill Jr. Defendants and BAM. The Hill Jr. Defendants and BAM have not explained convincingly to the court why they cannot receive the relief they seek herein from the state court, and that the court should, therefore, exercise its continuing jurisdiction under the Final Judgment and intervene in the State Court Actions. The good judges in the State Court Actions deal with state law claims of malicious prosecution, conspiracy, and aiding and abetting, as well as the affirmative defenses asserted by the Hill Jr. Defendants and BAM, on a frequent basis, and are equally equipped, if not more so than this court, to decide state law claims and affirmative defenses, and determine the preclusive effect, if any, of this court's decisions. Additionally, the court has reviewed the appendixes filed by the parties in the 2020 Action and the 2269 Action. As correctly pointed out by Hill III, the Hill Jr. Defendants

---

"the [All Writs] Act contains the same language as the second of the three exceptions in the Anti-Injunction Act, and the parallel 'necessary in aid of jurisdiction' language is construed similarly in both the All Writs Act and the Anti-Injunction Act." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) (collecting cases).

and BAM have filed briefing in the State Court Actions seeking identical relief to that sought from the undersigned.

Further, to the extent the Hill Jr. Defendants and BAM invoke the relitigation exception to the Anti-Injunction Act, the court rejects its application under the circumstances presented. As cautioned by the Supreme Court:

> This case involves the last of the Act's three exceptions, known as the relitigation exception. That exception is designed to implement well-recognized concepts of claim and issue preclusion. The provision authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court. But in applying this exception, we have taken special care to keep it strict and narrow. After all, a court does not usually get to dictate to other courts the preclusion consequences of its own judgment. Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court (here, the one in West Virginia). So issuing an injunction under the relitigation exception is resorting to heavy artillery. For that reason, every benefit of the doubt goes toward the state court; an injunction can issue only if preclusion is clear beyond peradventure.

*Smith v. Bayer Corp.*, 564 U.S. 299, 306-07 (2011) (internal citations, quotation marks, and footnote omitted) (original emphasis). In addition, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor or permitting the state courts to proceed." *Id.* at 306 (citation omitted).

That the court has jurisdiction under the continuing jurisdiction clause of the Final Judgment and Settlement Agreement is not disputed. Whether to exercise that continuing jurisdiction and intervene into state court proceedings, however, must be decided by the court exercising its sound discretion on a case-by-case basis. Here, after reviewing the arguments by the Hill Jr. Defendants and BAM that the court should intervene is the State Court Actions, and Hill III's arguments in opposition, the court concludes that exercising its jurisdiction to issue an affirmative injunction to require Hill III to dismiss the ongoing State Court Actions is ill-advised,

as the Hill Jr. Defendants and BAM have not convinced the court that preclusion is clear "beyond peradventure." *Smith*, 564 U.S. at 307. Accordingly, the court will deny the relief sought, as it gives "every benefit of the doubt" to the state courts. *Id.* In the event that the Hill Jr. Defendants and BAM show this court that they were unable to be adequately heard in the State Court Actions and wish to approach the court, it may be willing to consider *new* developments that *might* persuade it that the "heavy artillery" of a federal injunction of a state court proceeding is required. *See id.*[7] Of course, this necessarily requires the Hill Jr. Defendants and BAM to make use of *all* remedies available under state law.

Further, the court has exercised continuing jurisdiction over this matter since 2013. At some juncture, the exercise of continuing jurisdiction becomes intrusive and implicates important concerns regarding federalism. Continuing jurisdiction has a place and time, and it is best reserved for cases in which prolonged federal oversight is needed, such as those cases necessary to accomplish large-scale institutional reform and desegregation; to protect the fundamental right to vote; to oversee mass torts litigation; and to oversee class actions or consent decrees. Unlike these weighty matters requiring continued federal supervision for the greater public good, this case is an acrimonious, private dispute brought by an extremely disgruntled heir against his family members and those working on their behalf. Little, if any, public good is achieved by the court's continued and incessant involvement in the quotidian and private disputes that rival those seen in the hit television series *Dallas* (1978-1991) and *Dynasty* (1981-89).

---

[7] Insofar as the Hill Jr. Defendants and BAM contend that Hill III was engaging in forum-shopping when he filed the State Court Actions in Harris County, Texas, and that venue is proper only in Dallas County, Texas—the county in which the cause of action or a part thereof accrued—their remedy is to seek a transfer of venue from Harris County, Texas, to Dallas County, Texas. *See* Tex. Civ. Prac. & Rem. Code § 15.063(1) (West 2017); Tex. R. Civ. P. 86-89.

*Finally, notwithstanding the language of the Settlement Agreement and Final Judgment, the court does not intend to exercise continuing jurisdiction over this case in perpetuity, as all cases must come to an end. Whether the court continues to exercise jurisdiction will be based on the court's measured discretion and the applicable language of the Settlement Agreement and Final Judgment, and only if the exercise of "continuing jurisdiction" is consistent with Supreme Court and Fifth Circuit authority.*

### III. Conclusion

For the reasons stated herein, the court **denies** Hill Jr. Defendants' Motion to Enjoin Vexatious Litigant Albert G. Hill, III from Vexatious Litigation (Doc. 1965 in the 2020 Action); **denies** Plaintiff The Law Offices of Stephen F. Malouf, P.C. and Counter-Defendant Stephen F. Malouf's Motion to Enjoin State Court Litigation to Effectuate Judgment (Doc. 652 in the 2269 Action); **denies** Plaintiff Charla G. Aldous's Motion to Enjoin State Court Litigation to Effectuate Judgment and Joinder of Malouf's Motion (Doc. 655 in the 2269 Action); and **denies** Plaintiff Lisa Blue's Motion to Enjoin State Court Litigation to Effectuate Judgment and Joinder in Malouf's Motion (Doc. 658 in the 2269 Action). The court **directs** the clerk of court to file a copy of this Memorandum Opinion and Order in **Civil Action Nos. 3:07-CV-2020-L-BK and 3:10-CV-2269-L-BK**.

**It is so ordered** this 21st day of February, 2020.

Sam A. Lindsay
United States District Judge